AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
4/28/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
April 28, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ch___ DEPUTY

United States of America

v.

Adrian Alexis Paredes,

Defendant

Case No.  2:25-MJ-02498-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 12, 2025 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Hugo Pang, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: April 28, 2025

[signature]
Judge's signature

City and state:  Los Angeles, California

Hon. Brianna Fuller Mircheff, U.S. Magistrate Judge
*Printed name and title*

AUSA: Max A. Shapiro (x7419)

**AFFIDAVIT**

I, Hugo Pang, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Adrian Alexis PAREDES ("PAREDES") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a sworn Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since December 2023. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, and have completed specialized training at the ATF National Academy's Special Agent Basic Training course. I have received training in federal firearms and narcotics laws, narcotics identification,

ii

confidential source handling, and various surveillance and investigative techniques. I am currently assigned to the ATF Los Angeles Field Division, Los Angeles Group I Field Office, in Los Angeles, California.

4. Prior to becoming an ATF Special Agent, I was employed with the Los Angeles Police Department ("LAPD") for approximately eight years. During my tenure at the LAPD, I was a patrol officer at the Central, Hollywood and Rampart Divisions. I conducted numerous firearms, narcotics, gang and violent crime investigations and arrests. As part of my tenure as an LAPD officer, I also became familiar with the illicit way firearms and controlled substances are acquired, distributed, and sold.

### III. SUMMARY OF PROBABLE CAUSE

5. On March 12, 2025, at approximately 9:45 a.m., investigators with the Los Angeles County District Attorney, Bureau of Investigation, Community Violence Reduction Team ("LADA CVRT") stopped and searched PAREDES outside of his residence in Los Angeles County pursuant to a probation compliance check. PAREDES had previously been convicted of multiple felonies and was on active Postrelease Community Supervision ("PRCS"). During the search, law enforcement recovered a Sturm, Ruger & Co Inc., .45 caliber pistol with a magazine loaded with six rounds of ammunition concealed in his cross-body bag slung over his shoulder.

6. An ATF Interstate Nexus agent reviewed the firearm and ammunition and determined that they were manufactured outside of

the State of California and therefore had to have traveled in and/or affected interstate or foreign commerce.

## IV. STATEMENT OF PROBABLE CAUSE

7. Based on my review of law enforcement reports, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

   **A.  LADA CVRT Conducts a Probation Compliance Check of PAREDES, and Finds a Gun and Ammunition**

8. Based on my review of the reports prepared by LADA CVRT Investigators Garcia and Gutierrez, I know the following:

9. During the morning of March 12, 2025, LADA CVRT Investigators Garcia and Guiterrez along with other LADA CVRT members as well as law enforcement officers from the Bell Garden Police Department and Huntington Park Police Department conducted a pre-planned probation compliance check in the area of 5077 East 60th Place in Maywood, California.  The operation was part of a multi-agency operation targeting members of the "Wicked Evil Surenos" gang.

10. Law enforcement was in tactical attire denoted with "Police" patches and emblems, and in undercover police vehicles equipped with forward-facing red lights and sirens.

11. LADA CVRT investigators observed PAREDES exit his residence located at 5077 East 60th Place.  Law enforcement then exited their undercover police vehicles to conduct the probation

compliance check in accordance with PAREDES's active PRCS status and conditions.[1]

12. Investigator Garcia identified PAREDES based on his review of PAREDES's California Department of Motor Vehicle photograph. Investigator Garcia also asked PAREDES if he was "Adrian PAREDES," and PAREDES responded "Yes."

13. Investigator Garcia proceeded to search PAREDES. During the search of the cross-body bag that was slung over PAREDES's shoulder, law enforcement recovered a .45 Caliber, Sturm, Ruger & Co Inc. pistol, model P90DC, bearing serial number 660-09120, loaded with six .45 caliber rounds of ammunition.

B. **PAREDES's Criminal History**

14. Based on my review of PAREDES's criminal history records, I know that he has previously been convicted of the following crimes, and that he is on active PRCS:

    a. On or about April 12, 2021, PAREDES was convicted of being a person under probation in possession of a firearm in violation of California Penal Code § 29518(a), a felony, in the Superior Court of the State of California, County of Los Angeles, in case number VA15388901.

    b. On or about June 2, 2021, PAREDES was convicted of being a felon in possession of a firearm, in violation of California Penal Code § 29800(a)(1), a felony, in the Superior

---

[1] I have reviewed PAREDES's PRCS search conditions, pursuant to which PAREDES understood he would be required to submit to search "at any time of day or night by any probation officer or other peace officer with or without a warrant or probable cause."

Court of the State of California, County of Los Angeles, in case number VA15600101.

      c.  On or about August 26, 2024, PAREDES was convicted of postrelease community release violation in violation of California Penal Code § 3544(b)(1), in the Superior Court of the State of California, County of Los Angeles, in case number 23CAPR00806.

    **C.**  **The Pistol and Ammunition Traveled in Interstate or Foreign Commerce**

  15. Based on my review of an ATF nexus report prepared on April 10, 2025, I know that an ATF Nexus Agent reviewed photographs of the Sturm, Ruger & Co Inc. pistol and six rounds of .45 caliber ammunition recovered from PAREDES, and concluded that the firearm and ammunition were not manufactured in the State of California. Therefore, for the firearm and ammunition to have been recovered in California, they must have moved in and/or affected interstate or foreign commerce.

## V. CONCLUSION

16. For all of the reasons described above, there is probable cause to believe that PAREDES has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 28th day of April, 2025.

_____
HONORABLE BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE